[S. F. No. 12288.  In Bank.—July 19, 1929.]

OAKLAND TERMINAL AND ELEVATOR CORPORA-
TION (a Corporation), Appellant, v. MERCANTILE
TRUST COMPANY OF CALIFORNIA (a Corpora-
tion) et al., Respondents.

R. L. McWilliams and I. M. Peckham for Appellant.

Clark, Nichols & Eltse for Respondents.

Carl I. Wheat, Arthur T. George, Reginald L. Vaughan and Roderick B. Cassidy as *Amici Curiae* for Railroad Commission.

THE COURT.—Plaintiff, a public utility, formerly called Western Milling Company, pleading its own infirmity and want of power, sued the defendants to enjoin proceedings under a deed of trust covering both real and personal property, executed by it, naming defendant Mercantile Trust Company as trustee and defendant Webster Manufacturing Company as beneficiary, and to have same removed as a cloud upon the title to its property. Defendants answered, denying invalidity in said deed of trust and by cross-complaint set up the fact that a sale had been had thereunder at which defendant Webster Manufacturing Company became the purchaser and received a deed to said property from the trustee. The prayer of the cross-complaint was that the title of said defendant under said sale be declared valid and that a receiver be appointed to manage and control the property pending the termination of the litigation. Defendants had judgment as prayed for under their cross-complaint, which judgment this court, upon authority of case No. 12641, *Webster Mfg. Co.* v. *Byrnes, ante,* p. 630 [280 Pac. 101], has this day affirmed. (See case S. F. No. 12236, *Oakland Terminal & Elevator Corp.* v. *Mercantile Trust Co. et al., post,* p. 794 [280 Pac. 107].)

After said above-mentioned cause was at issue upon the amended and supplemental complaint and amended and supplemental answer and cross-complaint, cross-complainants moved the court for the appointment of a receiver, alleging title in themselves, the insolvency of plaintiff, the commission of waste by it in connection with the property and neglect thereof. Upon these and other facts the court appointed a receiver to take charge of said property. The plaintiff appealed from this order.

Inasmuch as said deed of trust has been declared valid (*Webster Mfg. Co.* v. *Byrnes, supra*), and has been held sufficient to pass title to the purchaser, the receivership was impressed upon property not owned by plaintiff but owned by the cross-complainant Webster Mfg. Company. All questions, therefore, are now moot and this order appointing said receiver is likewise hereby affirmed.